IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARITY FEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1070 -WEB |
| | ) | |
| FLYING J INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Plaintiff Charity Fears filed this Employment Retaliation case against Flying J, Inc. Defendant Flying J Inc. filed a Motion for Summary Judgement (Doc. 23). After consideration of the parties' briefings, the court grants the Defendant's Motion.

I. Facts

For the purposes of the Defendant's Motion for Summary Judgment, the following facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to the plaintiff.

1. A Flying J travel plaza is located in Salina, Kansas. (Pretrial Order, Doc. 32, p. 2, Stip. 1).

2. Plaintiff worked as a cashier in the restaurant at the Flying J, in Salina, Kansas, from October 3, 2005 to January 3, 2008. (Pretrial Order, Doc. 32, p. 2, Stip. 1; Plaintiff Exh. B, Fears Decl.).

3. Plaintiff's daughter, Ms. Sims-Shaw, was also employed by Flying J, Inc. at the Salina, Kansas, travel plaza, as a server, cashier, and buffet attendant. (Pretrial Order, Doc. 32, p. 2, Stip. 1).

1

4. Flying J terminated Ms. Sims-Shaw's employment, and Ms. Sims-Shaw filed a lawsuit. (Pretrial Order, Doc. 32, p. 2, Stip. 2).

5. Plaintiff gave deposition testimony in her daughter's case on March 29, 2007. (Pretrial Order, Doc. 32, p. 2, Stip. 3).

6. Plaintiff received reprimands for the following cash handling violations: (Pretrial Order, Doc. 32, p. 3, Stip. 5 and 6).

<u>Reprimand of March 19, 2006</u>

Plaintiff's drawer was $27.59 short on March 16, 2006.

Plaintiff's drawer was $50.77 short on March 18, 2006.

<u>Reprimand of April 3, 2006</u>

Plaintiff's drawer was $13.38 over on March 26, 2006.

Plaintiff's drawer was $8.59 over on March 27, 2006.

Plaintiff's drawer was $14.92 over on March 28, 2006.

Plaintiff's drawer was $15.94 over on April 2, 2006.

<u>Reprimand of November 28, 2007</u>

Plaintiff's drawer was $8.76 over on November 27, 2007.

<u>Reprimand of December 21, 2007</u>

Plaintiff's drawer was $14.54 over on December 19, 2007.

<u>Reprimand of January 3, 2008</u>

Plaintiff's drawer was $12.85 over on January 2, 2008.

7. Flying J terminated Charity Fears' employment on January 3, 2008, after her last

reprimand, for the stated reason that she too often violated company policy against being over or short in her cash register (meaning the money in her tray failed to balance in line with the sales transactions - either having too much money or too little).   (Pretrial Order, Doc. 32, p. 2-3, Stip. 4 and 6).

8.  Renae Gawith was employed with the Flying J as a hostess in the Salina Travel Plaza from May 6, 2007 through September 21, 2008.   (Pretrial Order, Doc. 32, p. 3, Stip. 7).

9.  Renae Gawith received one write up during her employment, for her cash drawer being $6.37 short.   (Pretrial Order, Doc. 32, p. 3, Stip. 7).

10.  Plaintiff was not the only person with access to the cash drawer during her shifts. (Plaintiff Exh. A, Fears Depo., p. 70, 72, 76).

## II.  Jurisdiction

Jurisdiction is properly before the court pursuant to 28 U.S.C. § 1331.

## III.  Standard of Review

Summary judgment is appropriate when "the pleading, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c);  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  Wright v. Abbott Labs., Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  Faustin v. City & County of Denver, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the

nonmoving party. Allen v. Muskogee, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may satisfy its burden by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

IV. Discussion

The Plaintiff raised one issue in her complaint, that her termination was in violation of Title VII, 42 U.S.C. § 2000e et seq., in retaliation for giving deposition testimony in her daughter's lawsuit against Flying J Inc.

Title VII makes it unlawful for an employer "to retaliate against an employee when that employee takes action in opposition to a discriminatory practice." 42 U.S.C. § 2000e-3(a). To prove a claim for retaliation, a plaintiff must show circumstantial evidence or present direct evidence of discrimination. Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1136 (10th Cir. 2000). Direct evidence demonstrates on its face that the employment action was discriminatory. Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990). A plaintiff may prove discrimination through direct evidence by establishing proof of "an existing policy which

itself constitutes discrimination." Id., citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination to show that discrimination, in fact, has occurred. Stone, 210 F.3d at 1136.

When there is no direct evidence, the court engages in the three step burden shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff bears the initial burden of establishing a prima facie case of retaliation. Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008). To establish a prima facie case of retaliation, the plaintiff must demonstrate (1) that she engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection between the protected activity and the materially adverse action. Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006). Once the employee establishes a prima facie case of retaliation, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1252 (10th Cir. 2001). If such a reason is articulated, the employee must then demonstrate that the employer's proffered reason for the adverse action is pretextual. Id.

To establish adverse employment action, plaintiff must experience " a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). An action is materially adverse if it "well might have dissuaded a reasonable worker from making or

supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. V. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

The parties agree that the Plaintiff has met the first and second element of a prima facie case of retaliation. The Plaintiff engaged in protected activity, which was the giving of deposition testimony in her daughter's lawsuit. The Plaintiff was terminated, which qualifies as adverse employment action. The issue before the court is whether there is a causal connection between the deposition testimony and the Plaintiff's termination.

"A retaliatory motive may be inferred when an adverse action closely follows protected activity. However, unless the termination is very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). Adverse employment action that occurs more than three months after the protected activity, standing alone, is not entitled to a presumption of causation. Hysten v. Burlington Northern & Santa Fe Ry., 296 F.3d 1177, 1183-84 (10th Cir. 2002). However, the passage of time does not bar a retaliation claim if additional evidence can establish the retaliatory motive. Piercy v. Maketa, 480 F.3d 1192, 1198-99 (10th Cir. 2007). A pattern of retaliatory conduct that begins soon after the protected activity, but does not result in discharge until a much later date, is one example of when the passage of time does not bar a retaliation claim. Marx v. Schnuck Mkts., Inc., 76 F.3d 324, 329 (10th Cir. 1996), citing Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 377 n. 4 (6th Cir. 1984).

The Plaintiff cannot rely on temporal proximity alone to establish causation. The Plaintiff's protected activity and the adverse employment action occurred ten months apart.

Therefore, the Plaintiff must set forth additional evidence to establish retaliatory motive.

Plaintiff has not set forth a pattern of retaliatory conduct. Plaintiff gave deposition testimony in March, 2007. Plaintiff received one reprimand in November, 2007, one reprimand in December, 2007, and one reprimand in January, 2008. These facts alone do not establish a pattern of conduct.

Plaintiff argues that the Defendant's pattern of behavior began when management realized that Plaintiff was scheduled to testify in her daughter's case, and the pattern escalated when her daughter reached a settlement. Plaintiff cites to no evidence in support of this argument. It is unclear whether Plaintiff is referencing her deposition or whether she was scheduled to testify at trial. If she is referring to testifying at trial, she does not provide a specific date for trial. If Plaintiff is referring to her deposition testimony, which occurred in March, 2007, Plaintiff has not cited to any events between March 2007 and September 2007 which would show a pattern of conduct. Plaintiff's daughter reached a settlement in September, 2007, and Plaintiff has not cited to any evidence that supports a finding of a pattern of retaliatory conduct prior to September, 2007.

Plaintiff argues that a pattern of conduct exists, citing to numerous events:

1. Plaintiff had cash stolen from her drawer. (Def. Exh. A, Fears Depo., p. 74).
2. Manager Leslie Ring said Plaintiff could be fired for job abandonment for leaving work to check on her daughter who allegedly had been beaten by her son-in-law. (Def. Exh. A, Fears Depo., p. 74).
3. Plaintiff was never allowed to bring up her daughter's name because of the lawsuit. (Def. Exh. A, Fears Depo., p. 74).
4. The day her daughter's case reached a settlement, Renee told Plaintiff that a male manager or supervisor had a heart attack because of the lawsuit. (Def. Exh. A, Fears Depo., p. 75).
5. Plaintiff was accused of stealing waitresses' tips, although later the waitresses apologized to her. (Def. Exh. A, Fears Depo., p. 75).
6. Half of the people were nice to Plaintiff, and half were not. (Def. Exh. A, Fears

7

Depo., p. 75).
7. Leslie Ring asked Plaintiff whether she wanted to be a buffet attendant instead of a cashier, but never got around to making that change. ((Def. Exh. A, Fears Depo., p. 75).
8. Plaintiff's cash drawers were over because customers would give her tips but would sometimes fail to sign the receipts and Plaintiff would leave the tips in the drawer. (Def. Exh. A, Fears Depo., p. 75).
9. Marlene would have Plaintiff do other things while she counted down the drawer, and Plaintiff could not keep her eye on the money. (Def. Exh. A, Fears Depo., p. 75).
10. In March, 2006, there were multiple people in her cash drawer because Plaintiff had shown people how to run the register. (Def. Exh. A, Fears Depo., p. 76).
11. Plaintiff was shunned by some employees, including Joyce and her daughter Beth and son Mya. (Def. Exh. A, Fears Depo., p. 77).

An employer can be held liable in a retaliation action for co-workers' retaliatory conduct when the supervisor or management orchestrated the harassment, or knew about the harassment and acquiesce in it in such a manner as to condone and encourage the co-workers' action. Gunnell v. Utah Valley State College, 152 F.3d 1253, 1265 (10th Cir. 1998). Of the eleven events cited by Plaintiff, only four or five of them were actions by management. Plaintiff has not cited to any evidence that the management knew or condoned the actions of the other employees.

The events cited by Plaintiff of which the management had knowledge (events 1, 2, 3, 7, and 9), do not establish a pattern of conduct. Plaintiff alleges she had cash stolen from her drawer from a member of management on April 4, 2006. (Def. Exh. A., Fears Depo., p. 44, 74). In the summer of 2007, Plaintiff was given an oral reprimand for leaving in the middle of her shift to care for her daughter. (Def. Exh. A, Fears Depo., p. 65-66). Plaintiff was told she could not bring up her daughter's name, but does not say who told her this, or when. (Def. Exh. A, Fears Depo., p. 66). Plaintiff also argues that she discussed moving into the position of buffet attendant .and was never moved into this position, but again, Plaintiff does not provide a date of

8

when the conversation occurred. (Def. Exh. A, Fears Depo., p. 68). Plaintiff does not provide the date or dates when Marlene would count the drawer without her, nor does she link this argument to a reprimand. The events set out by the Plaintiff do not establish a pattern of retaliatory conduct.

Plaintiff argues the Flying J began to shorten her work hours in late 2007 by sending her home when the store was not busy. However, Plaintiff does not cite to any evidence that Flying J only sent her home, and not other employees. For the conduct of the Flying J to be retaliatory, Plaintiff must show that she was singled out based on her protected activity. See Lewis v. Standard Motor Products, Inc., 203 F.Supp.2d 1228, 1234-35 (D.Kan. 2002) (plaintiff's subjective belief that he was singled out and the victim of retaliation must be supported by the evidence). She has not made even a bare argument that she was treated differently than other employees.

Finally, Plaintiff argues that the management logically assumed that Plaintiff gave testimony favorable to her daughter, although she admits that the management staff did not know the substance of her deposition. However, this argument fails, as the decision maker's knowledge of the plaintiff's protected activity is necessary to establish a prima facie case of retaliation. Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1176 (10th Cir. 2007). The decision to terminate the Plaintiff was made by Edith Kistler, Bob Kimbro and Leslie Ring were also present but did not participate in the decision. (Def. Exh. F, Notice of Employee Counseling dated 1/3/2008; Def. Exh. A, Fears Depo, p. 63). There is no evidence that any of these individuals were aware of the testimony offered by the Plaintiff in her deposition, or that her termination, ten months later, was motivated by the statements made in her deposition.

9

Plaintiff has not set forth a prima facie case of retaliation as Plaintiff cannot show a connection between the protected activity and the materially adverse action. There is no direct evidence of retaliatory conduct, and Plaintiff has not cited to evidence to establish a pattern of conduct that would support a claim of retaliatory conduct. Plaintiff has not set forth additional evidence to establish retaliatory motive or conduct.

Even if the Plaintiff did meet the prima facie elements for retaliation, Flying J has set forth a legitimate, nondiscriminatory justification for the employment action. Annett v. Univ. of Kansas, 371 F.3d 1233, 1237 (10th Cir. 2004). Flying J states that Plaintiff was terminated based on violations of the cash over / short policy. Specifically, the Plaintiff's cash drawer was over in November, 2007, December, 2007, and January, 2008.

Plaintiff argues the Defendant's stated reasons are pretextual. To show that the stated reasons for termination are pretextual, Plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reasons "that a reasonable fact finder could rationally find them unworthy of credence." Medina v. Income Support Div., N.M., 413 F.3d 1131, 1136 (10th Cir. 2005). A plaintiff typically shows pretext in one of three ways. First, with evidence that defendant's stated reason for the termination was false, second, with evidence that defendant acted contrary to a written company policy prescribing the action to be taken under the circumstances, or third, with evidence that defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision. Kendrick v. Penske Transp. Servs. Inc., 220 F.3d 1220, 1230 (10th Cir. 2000). Pretext may also be shown by differential treatment of similarly situated employees. Rivera v. City and County of Denver, 365 F.3d 912, 922 (10th Cir. 2004). Similarly situated

10

employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline. Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997).

Plaintiff argues that pretext can be shown through inconsistencies and contradictions in the way Defendant handled drawer over / short issues. Plaintiff cites to one employee that was allegedly short approximately $100.00, but was not reprimanded. However, Plaintiff provides no evidence in support of this allegation, in the form of a sworn statement or documentation. Plaintiff argues that the Defendant had a motivating factor, her testimony in her daughter's case, to terminate her. In support of this argument, Plaintiff states that other employees had similar problems with cash over / short with their drawers, but were not terminated. Again, Plaintiff cites to no evidence in the record in support of this argument. The arguments advanced by Plaintiff do not show that others, similarly situated, were treated differently.

Plaintiff also argues that because the Defendant did not fire her for her cash over /short problems in 2006, then firing her for her drawer over / short in 2007 and 2008 is inconsistent. However, Plaintiff was suspended for three days in 2006, after she was reprimanded for cash over or short in her drawer. Since Plaintiff had already received a lesser reprimand, termination was the next logical step. Finally, Plaintiff was warned that termination was the next step for another violation of the cash over / short policy. (See Def. Exh. F, Notice of Employee Counseling, dated December 21, 2007). Defendant was not unreasonable for terminating Plaintiff for three violations of the cash over / short policy in 36 days.

Plaintiff has not shown that Defendant acted contrary to a written policy or to company practice in terminating her employment, nor has she otherwise shown an inconsistency or

implausibility in the defendant's explanation for termination. Plaintiff has not presented evidence to support her claim that the Defendant's reason for termination was pretextual.

V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 23) be GRANTED in accordance with the above rulings.

IT IS ORDERED that Plaintiff Charity Fears recover nothing, the action be dismissed on the merits, and Defendant Flying J, Inc. recover its costs of action from the Plaintiff.

SO ORDERED this 12th day of January, 2011.

    s/ Wesley E. Brown
Wesley E. Brown, U.S. Senior District Judge